## Ella M. Butts *vs.* Union Railroad Company.

PROVIDENCE—DECEMBER 27, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *New Trial.   Misconduct of Juror.*

Pending the trial of an action against a railroad corporation for personal injuries alleged to have been suffered through the negligence of the defendant, one of the jurors empanelled for the trial of the action, after the evidence was closed, but prior to the charge of the court, wagered a cigar with an employee of the defendant that the defendant would not lose the case:—

*Held*, although such action of the juror was highly censurable, that, as the verdict was sustained by the evidence, it did not furnish ground for a new trial.

*Quære,* if such conduct might not be a sufficient ground to grant a new trial, if the case were a close one on the evidence, or there were reason to believe that the rights of a party had been injuriously affected.

TRESPASS ON THE CASE for negligence. Pending the charge of the court, after the close of the testimony, one of the jurors in the panel for the trial of the action made a wager of a cigar with an employee of the defendant that the defendant would not lose the case. Heard on petition of plaintiff for a new trial. New trial denied.

(1) PER CURIAM. While the conduct of the juror, in wagering a cigar as to what the verdict would be, was highly censurable and would have been sufficient to subject him to punishment if it had been brought seasonably to the attention of the court, still the plaintiff has not shown us by the testimony that the verdict is not fully sustained by the evidence. If the case were a close one on the evidence, or there was reason to believe that the rights of the plaintiff had been injuriously affected, a different question would be presented. *Patton* v. *Hughesdale Mfg. Co.,* 11 R. I. 188 ; *Kaul* v. *Brown,* 17 R. I. 14 ; *Clarke* v. *South Kingstown,* 18 R. I. 283 ; and see *Garside* v. *Ladd Watch Case Co.,* 17 R. I. 691.

New trial denied.

*Hugh J. Carroll,* for plaintiff.

*David S. Baker,* for defendant.